IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAY 11  A 9: 47

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| WHITNEY NATIONAL BANK, | |
| **PLAINTIFF** | |
| vs. | CASE NO. 2: O7CV 415- 1D |
| HIGHWAY SOLUTIONS, LLC; MICHAEL C. MARCATO and ANNE S. MARCATO, | |
| **DEFENDANTS** | |

## COMPLAINT

Comes now Whitney National Bank (hereinafter "Whitney Bank") and states the following claim:

1.    Plaintiff Whitney Bank is a national bank having its main office in New Orleans, Louisiana. For diversity purposes, it is a citizen of the State of Louisiana. 28 U.S.C. § 1348. Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006).

2.    Defendant Highway Solutions, LLC (hereinafter "Highway Solutions") is a limited liability company formed under the laws of the State of Alabama with its principal place of business located in the Montgomery, Alabama area and within the Middle District of Alabama, Northern Division. For diversity purposes, it is a citizen

of the State of Alabama.  The managing member of Highway Solutions is Anne S.

Marcato.

3.      Michael C. Marcato is a resident citizen of the State of Alabama residing in

Montgomery within the Middle District of Alabama, Northern Division.

4.      Anne S. Marcato is a resident citizen of the State of Alabama residing in

Montgomery within the Middle District of Alabama, Northern Division.

5.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      On January 5, 2005, Anne S. Marcato and Michael C. Marcato, as members of

Highway Solutions, executed a Commerical Loan and Business Agreement for a Line

of Credit of up to $500,000 with Whitney Bank.  Also on that date, Anne S. Marcato as

managing member of Highway Solutions, executed a promissory note for a business

loan of $500,000 from Whitney Bank and a Commercial Security Agreement with

Whitney Bank (hereinafter "Loan 81267). The due date for the note was January 5,

2006.

7.      On January 5, 2005, Michael C. Marcato, individually, executed a personal

Commercial Continuing Guaranty of the current and future debts of Highway

Solutions.

2

8.    On January 5, 2005, Anne S. Marcato, individually, executed a personal Commercial Continuing Guaranty of the current and future debts of Highway Solutions.

9.    On January 7, 2005, Michael C. Marcato and Anne S. Marcato opened a checking account with Whitney Bank for Highway Solutions and signed a depositor agreement with Whitney Bank relating to that account. Both were authorized to sign checks for Highway Solutions.

10.    On January 19, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $22,166.12 with a due date of January 19, 2010 (hereinafter loan number 1848-01).

11.    Also on January 19, 2005, Michael C. and Anne S. Marcato executed a Visa Business Card Application with Whitney Bank. The application contained individual personal guarantees by Michael C. and Anne S. Marcato.

12.    On January 24, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $29,995.72 with a due date of January 24, 2010 (hereinafter loan number 1848-02).

13.    On February 7, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $42,949.76 with a due date of February 2, 2010 (hereinafter loan number 1848-03).

14.    On August 22, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $53,089.12 with a due date of August 22, 2010 (hereinafter loan number 1848-04).

15.    On October 18, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $50,653.82 with a due date of October 18, 2010 (hereinafter loan number 1848-05).

16.    Also on October 18, 2005, Anne S. Marcato as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $55,750.42 with a due date of October 18, 2010 (hereinafter loan number 1848-06).

17.    On January 9, 2006, the due date of loan 81267 was, among other things, changed to March 9, 2006.

18.    On March 28, 2006, the due date of loan 81267 was, among other things, changed to May 1, 2006 and the face amount of the loan was increased to $800,000. The due date was subsequently changed to June 30, 2006.

19.    On June 19, 2006, Anne S. Marcato, as managing member of Highway Solutions, executed Promissory Note in the amount of $200,000 with a due date of June 30, 2006 (hereinafter loan number 83467).

20.    On July 28, 2006, the due dates of loans 81267 and 83467 were changed to August 31, 2006.

21.    On September 8, 2006, Anne S. Marcato, as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $97,702 with a due date of September 7, 2011 (hereinafter loan number 3498).

22.    Also on September 8, 2006, Anne S. Marcato, as managing member of Highway Solutions, executed a Commercial Security Agreement and Promissory Note in the amount of $64,676 with a due date of September 7, 2011 (hereinafter loan number 3499).

23.    Subsequently, Anne S. Marcato, as managing member of Highway Solutions, executed Change of Terms Agreements relating to loans 83467 and 81267 changing the due dates initially to January 31, 2007 and finally to March 1, 2007.

## COUNT I: HIGHWAY SOLUTIONS LOANS

24.    Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

25.    Highway Solutions has overdrawn the line of credit represented by loan 81267.

26.    Highway Solutions has defaulted on all loans with Whitney Bank.

27.    Highway Solutions has breached all agreements with Whitney Bank.

28.    Commercial Loan 1848–01 is past due and owing since March 19, 2007.

29.    Commercial Loan 1848–02 is past due and owing since February 24, 2007.

30.    Commercial Loan 1848–03 is past due and owing since February 7, 2007.

31.    Commercial Loan 1848–04 is past due and owing since February 22, 2007.

32.    Commercial Loan 1848–05 is past due and owing since February 18, 2007.

33.    Commercial Loan 1848–06 is past due and owing since February 18, 2007.

34.    Commercial Loan 3498 is past due and owing since February 7, 2007.

35.    Commercial Loan 3499 is past due and owing since February 7, 2007.

36.    Commercial Loan 81267 is past due since its maturity on March 1, 2007 when the entire outstanding balance of principal and accrued interest became fully due and owing.

37.    Commercial Loan No. 83467 is past due since its maturity on March 1, 2007 when the entire outstanding balance of principal and accrued interest became fully due and owing.

6

38.    The Highway Solutions Visa Credit card is past due and owing.

39.    On May 10, 2007, Whitney Bank accelerated all Highway Solutions loans thereby making the unpaid principal amounts, all accrued and unpaid interest and all accrued fees and other obligations immediately due and payable in full.

40.    Highway Solutions has failed or refused to pay off the loans as accelerated.

41.    As of May 10, 2007 Highway Solutions owed $910,500.64 on note 81267 with per diem interest of $204.21.

42.    As of May 10, 2007 Highway Solutions owed $204,537.49 on note 83467 with per diem interest of $45.84.

43.    As of May 10, 2007 Highway Solutions owed $93,607.22 on note 3498 with per diem interest of $21.54.

44.    As of May 10, 2007 Highway Solutions owed $62,095.02 on note 3499 with per diem interest of $14.26.

45.    As of May 10, 2007 Highway Solutions owed $54,222.27 on its Visa Business Credit Cards with various per diem interest rates.

46.    As of May 10, 2007 Highway Solutions owed $14,686.27 on loan 1848-01 with per diem interest of $3.30.

47.    As of May 10, 2007 Highway Solutions owed $20,508.21 on loan 1848-02 with per diem interest of $4.56.

48.    As of May 10, 2007 Highway Solutions owed $28,365.37 on note 1848-03 with per diem interest of $6.34.

49.    As of May 10, 2007 Highway Solutions owed $41,062.63 on note 1848-04 with per diem interest of $7.48.

50.    As of May 10, 2007 Highway Solutions owed $41,319.05 on note 1848-05 with per diem interest of $8.05.

51.    As of May 10, 2007 Highway Solutions owed $45,206.04 on note 1848-06 with per diem interest of $8.81.

52.    Whitney Bank has incurred attorneys' fees and other costs in connection with the collection of these defaulted loan obligations.

WHEREFORE, Whitney Bank demands judgment against Highway Solutions for the entire unpaid balances of the above loans, all accrued and unpaid interest, all accrued fees and other obligations, including, but not limited to, attorneys' fees and expenses incurred in the collection of these loans.

## COUNT II: HIGHWAY SOLUTIONS BREACH OF DEPOSITOR'S AGREEMENT

53.    Whitney Bank incorporates in this Count all previous paragraphs of the complaint.

54.    Highway Solutions has a depositor's agreement with Whitney Bank relating to its business checking account.

55.    Upon information and belief, Safety Guide is managed by Michael C. Marcato.

56.    Upon information and belief Safety Guide and Highway Solutions are related business entities with common management.

57.    Upon information and belief, Tom Mills was, on that date, the comptroller or controller of Safety Guide and Highway Solutions.

58.    On March 12, 2007, an officer or employee entrusted with the checks of Highway Solutions wrote an $80,000 check on its Whitney Bank account payable to Safety Guide of Alabama, LLC ("Safety Guide") which was deposited into a Safety Guide's account at another bank and subsequently honored by Whitney Bank.

59.    Also on March 12, 2007, an officer or employee entrusted with the checks of Safety Guide issued a check on its account with another bank to Highway Solutions in the amount of $150,000 which was deposited with Whitney Bank on that date.

60.    Officers or employees of Highway Solutions immediately began writing checks drawn on its Whitney Bank account and depleted the deposited amount.

61.    After Highway Solutions had depleted the deposited funds, the Safety Guide check was dishonored by Safety Guide's bank.

62.    Highway Solutions' account with Whitney Bank is now overdrawn in an amount in excess of $150,000.

63.    Highway Solutions has failed or refused to honor the depositor's agreement and bring its checking account current.

WHEREFORE, Whitney Bank demands judgment against Highway Solutions for breach of its depositor's agreement with Whitney Bank, plus interest, attorneys' fees and costs.

## COUNT III: MICHAEL C. AND ANNE S. MARCATO PERSONAL GUARANTIES

64.    Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

65.    Michael C. and Anne S. Marcato, separately and individually, have provided continuing unlimited commercial guaranties for the debts of Highway Solutions to Whitney Bank.

66.    On April 12, 2007, Whitney Bank notified Michael C. and Anne S. Marcato of the acceleration of all Whitney Bank loans to Highway Solutions.

67.    Michael C. and Anne S. Marcato have failed or refused to honor the terms of their personal guaranties of the debts of Highway Solutions.

WHEREFORE, Whitney Bank demands judgment against Michael C. Marcato and Anne S. Marcato for the entire overdraft amount of the Highway Solutions checking account and the entire unpaid balances of all loans to Highway Solutions, all accrued and unpaid interest, all accrued fees and other obligations, including, but not limited to attorneys' fees and expenses incurred in the collection of these loans.

## COUNT IV: ASSEMBLY OF COLLATERAL AND APPOINTMENT OF RECEIVER FOR HIGHWAY SOLUTIONS COLLATERAL

68.    Whitney Bank incorporates in this Count all prior paragraphs of the complaint.

69.    The management of Highway Solutions has failed to establish and maintain adequate controls and to use best management practices to conduct the business of Highway Solutions.

70.    The management of Highway Solutions appears incapable of providing basic financial information concerning the location and value of the collateral.

71.    The management of Highway Solutions appears unwilling or unable to continue the effective and efficient management of Highway Solutions or the pursuit of existing claims of Highway Solutions which involve collateral securing the loans.

72.    The commercial security agreements mentioned above provide that Whitney Bank may require Highway Solutions to deliver all or any portion of the collateral and all certificates of title and other documents relating to the collateral.

73.    The commercial security agreements mentioned above give Whitney Bank the right to have a receiver appointed to protect and preserve the collateral, operate the collateral preceding foreclosure or sale, and to collect the rents from the collateral and apply the proceeds, over and above the cost of the receivership, against the indebtedness.

WHEREFORE, Whitney Bank prays for this Court to appoint a receiver to assemble and take possession of the collateral for the loans, to operate Highway Solutions preceding foreclosure or sale, and to collect the rents from the collateral, with the power to collect and apply the proceeds, over and above the cost of the receivership, against the indebtedness.

Dennis R. Bailey (4845-i71d)
Bowdy J. Brown
Attorneys for Plaintiff

12

Of counsel:
RUSHTON, STAKELY, JOHNSTON
        & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 262-0033 (fax)
drb@rsjg.com (e-mail)

Serve Defendants As Follows:

Highway Solutions, LLC
C/O Anne S. Marcato, Registered Agent
552 Oliver Road
Montgomery, AL. 36117

Michael S. Marcato
3375 Thomas Avenue
Montgomery, AL. 36107

Anne S. Marcato
3375 Thomas Avenue
Montgomery, AL. 36107