**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

WHITNEY NATIONAL BANK, )
)
Plaintiff, )
)
v. ) Case No. 2:07-cv-00415-ID-TFM
)
HIGHWAY SOLUTIONS, LLC; )
MICHAEL C. MARCATO and )
ANNE S. MARCATO, )
)
Defendants. )

**RESPONSE OF WHITNEY NATIONAL BANK
TO JULY 18, 2007 ORDER**

Plaintiff Whitney National Bank ("Whitney") hereby responds to the Court's order of July 18, 2007. Highway Solutions is requesting that the automatic stay entered as to co-defendants Michael C. Marcato and Anne S. Marcato (collectively, "the Marcatos") be extended to encompass the claims asserted against Highway Solutions. Whitney opposes a stay of this litigation.

If Highway Solutions feels that a stay is appropriate, Highway Solutions should file its own bankruptcy petition. This is what the Marcatos and their other company, Safety Guide, have now done. Filing a bankruptcy petition will provide the protection of court administration and supervision of Highway Solutions to the creditors.

By contrast, staying this case leaves Whitney without any vehicle to seek information regarding its collateral or protection for its collateral.

Whitney has made claims for loans to Highway Solutions for approximately $1.5 Million in its complaint. It is undisputed that (1) these loans were made, (2) the proceeds were delivered to Highway Solutions, (3) Highway Solutions has not repaid these monies, and (4) Highway Solutions granted Whitney with a prior security position in all of its accounts receivables.

To protect Whitney's interest in this collateral, Whitney has sought a receivership in its complaint. Without such a receivership, Highway Solutions may attempt (1) to settle its outstanding accounts receivable, (2) to redirect these outstanding accounts receivable, or (3) to collect these.

Further, without the ability of court sanctioned discovery, Whitney will likely be unable to monitor or discover such efforts.[1]

None of these issues were present in *Queenie, Ltd. v. Nygard Intern*, 321 F.3d 282 (2nd Cir. 2003). Moreover, the *Queenie* case recognized (as have the vast majority of cases considering the issue) that in the ordinary case, the bankruptcy filing of an individual does not create any stay for litigation against a

[1] Counsel for Whitney attended the "341" hearing for the Marcatos individual bankruptcy. At that hearing, the Marcatos repeatedly refused to answer many questions about the loans made to Highway Solutions and much of the business of Highway Solutions – claiming that those issues were not related or appropriate in their personal bankruptcy. If the Court requests, we can provide a CD of this 341 hearing.

related corporation.[2] Cases following *Queenie* have appropriately recognized that it is likely to apply where there is a threat to a reorganization plan -- something that is not true here. *E.g., Gucci, America, Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004). As one frequently cited case explained, the automatic stay "does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtors." *In re*

---

[2] One district court, while citing *Queenie*, explained that extending the automatic stay beyond the actual debtor required "special circumstances". It explained:

> The Second Circuit has explained that automatic stays pursuant to § 362(a) are generally limited to debtors and do not encompass non-bankrupt co-defendants. *See Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). Consistent with that guideline, courts in this Circuit have regularly refused to extend a debtor corporation's § 362(a) stay to its non-debtor officers and principals. *See Gray v. Hirsch,* 230 B.R. 239, 242 (S.D.N.Y.1999) (citing consistent Second Circuit refusal to shelter non-debtor principals as evidence that control of a bankrupt entity does not automatically establish § 362(a) protection). However, a § 362(a) stay may be imposed against a non-bankrupt party when such an identity of interest exists between the debtor and third party non-debtor that a judgment against the third party will directly affect the debtor. *See In re North Star Contracting Corp.* 125 B.R. 368, 370 (S.D.N.Y.1991) (citing *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)). Specifically, where a particular action against the non-debtor party threatens to adversely affect the debtor's reorganization efforts,_[FN1] courts are willing to extend § 362(a)'s coverage accordingly. *See, e.g., In re United Health Care Org.,* 210 B.R. 228 (S.D.N.Y.1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon the contribution of defendants' personal assets and efforts); *see also In re North Star,* 125 B.R. at 370-71 (distinguishing general rule where evidence indicated that debtor reorganization efforts would be harmed by a state lawsuit against debtor's President, given the President's active role in the reorganization planning process).
>
> FN1. For example, the threatened harm may adversely affect needed debtor funds (*e.g.,* when non-debtors are entitled to indemnification) or personnel (*e.g.,* when debtors need the services of non-debtors facing crushing litigation). *Gray,* 230 B.R. at 243. "The question is whether the action against the non-debtor is sufficiently likely to have a material effect upon ... reorganization effort[s] ... that debtor protection requires an exception to the usual limited scope of the stay." *Id.* (citing *CAE Indus. Ltd. v. Aerospace Holdings Co.,* 116 B.R. 31, 34 (S.D.N.Y.1990)) (internal quotation marks omitted).
>
> Courts caution that such extensions are reserved for "special circumstances," *id.* at 370, and typically apply to those lawsuits which threaten serious risk to a reorganization in the form of immediate adverse economic consequences for the debtor's estate. *See Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir.2003).

*Gucci, America, Inc. v. Duty Free Apparel, Ltd.*, 328 F.Supp.2d 439, 441 (S.D.N.Y. 2004).

*Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (9th Cir., B.A.P. 1991);[3] *see also*, Howard J. Steinberg, 2 Bankruptcy Litigation § 12.13 (updated July 2007) (same conclusion and citing Advanced Ribbons); *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (no "unusual circumstances" for extending stay; bankruptcy "does not stay actions against guarantors"); *Seiko Epson Corp. v. Nu-Kote International, Inc.*, 190 F.3d 1360, 1364 (Fed.Cir. 1990) (same); *In re The Russell Corp.*, 156 B.R. 347, 350 (N.D.Ga. 1993) (refusing to extend stay to guaranty; noting that "Congress intended the automatic stay of section 362 to protect the debtor.... It was not designed to benefit third parties... Congress did not enact a codebtor stay in Chapters 7 and 11").

In sum, Whitney raises claims that were not present in *Queenie* and needs and deserves the protection of this Court. Highway Solutions has not met the high burden of showing that this is a "special circumstance[]" that merits the extension

---

[3] The *Advanced Ribbons* court stated:

> The automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. *See, e.g., In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982). It does not protect non-debtor parties or their property. *See, e.g., Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121-22 (4th Cir.1988); *Casgul of Nevada*, 22 B.R. at 66. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor. *See, e.g., Ingersoll-Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir.1987) (guarantors); *In re Lockard*, 884 F.2d 1171 (9th Cir.1989) (automatic stay did not prevent an action against a surety on a contractor's bond); *see also 2 Collier on Bankruptcy*, 362.02[1] at 362-28-29 (15th ed. 1990). Similarly, the automatic stay does not protect the property of parties such as officers of the debtor, *see, e.g. Casgul of Nevada*, 22 B.R. at 66, even if the property in question is stock in the debtor corporation. *See In re Calamity Jane's, Inc.*, 22 B.R. 5 (Bankr.D.N.J.1982).

of the automatic stay beyond the party to whom Congress granted that stay in the statute.

WHEREFORE, PREMISES CONSIDERED, Whitney respectfully requests that no stay be entered.

/s/ Gregory C. Cook
One of the Attorneys for Plaintiff
Whitney National Bank

**OF COUNSEL:**
Gregory C. Cook
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
gcook@balch.com

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the persons whose addresses are listed below:

Robert D. Segall
J. David Martin
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347
*Attorneys for Defendants Highway Solutions, LLC, Michael C. Marcato and Anne S. Marcato*

/s/ Gregory C. Cook
Of Counsel