IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-0415-ID |
| | ) | |
| HIGHWAY SOLUTIONS, LLC; | ) | |
| MICHAEL C. MARCATO and | ) | |
| ANNE S. MARCATO, | ) | |
| | ) | |
|      Defendants. | ) | |

**ORDER**

Before the court is a motion for summary judgment, filed by Plaintiff on September 11, 2007. (Doc. No. 34.) Defendant Highway Solutions, LLC, is DIRECTED to file a response to said motion on or before September 26, 2007. Plaintiff may file a reply, if desired, on or before October 3, 2007. Thereafter, the Plaintiff's motion for summary judgment, and all pleadings and evidence filed in support of or in opposition to said motion, shall be DEEMED submitted to the court.[1]

---

[1] This submission is **without oral argument**. Should the court determine that oral argument is necessary, a hearing will be scheduled. If the nonmoving party fails to respond, a final judgment may be entered without further notice or trial. See Fed. R. Civ. P. 56(e). **The moving party's evidence may be accepted as true if it is not contradicted by the opposing party**. Id. The contradiction must be supported by evidence which may include, but is not limited to, affidavits and depositions. Any evidence, and in particular deposition testimony, must be cited to **with specificity and particularity**. Id. If deposition testimony is submitted and relied upon, the parties shall direct the court to **specific testimony** which either does or does not "set forth specific facts showing that there is a genuine issue for trial." Id. Summary judgment may be

Pleadings submitted beyond the submission date will not be considered by the court absent compelling exigent circumstances.

CONSIDERED and ORDERED this 12th day of September, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

granted for either party if the evidence filed with the court shows that there is no material question of fact and that a party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56.